**20PH-CV00521**

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

## IN THE CIRCUIT OF THE COUNTY OF PHELPS
### STATE OF MISSOURI

Thomas Carter, individually, THOMAS CARTER,   }
on behalf of the Estate of Margaret Carter,   }
                                              }
                    Plaintiffs,               }
                                              }
v.                                            }
                                              }
ZUKHRIDDIN KHAYRULLAEV                        }   Cause No.:
**Serve at:**                                 }
**5363 Balsam Pl.**                           }   Division No.:
**Apt. 5363**                                 }
**Mason, Ohio 45040**                         }
                                              }
and                                           }
                                              }
MGI EXPRESS, LLC.,                            }
**Serve at:**                                 }
**515 Herbert St.**                           }
**Dayton, Ohio 45404**                        }
                                              }
and                                           }
                                              }
AMERICAN POWER TRANSPORTATION,                }
**Serve:**                                    }
**Ilimdar Abbasov**                           }
**840 Webster St.**                           }
**Dayton, Ohio 45404**                        }
                                              }
and                                           }
                                              }
LANDSTAR RANGER, INC.,                        }
**Serve:**                                    }
**CT CORPORATION SYSTEM**                     }
**1200 S. Pine Island Rd.**                   }
**Plantation, Florida 33324**                 }
                                              }
                    Defendants.               }

### PETITION - WRONGFUL DEATH AND NEGLIGENCE

COMES NOW Plaintiff, Thomas Carter, individually, and Thomas Carter as the personal

representative of the Estate of Margaret Carter, and by and through their attorney, Neil J.

1

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

Bruntrager, and hereby file his Petition against Defendants Zukhriddin Khayrullaev, MGI Express, LLC, American Power Transportation, and Landstar Ranger, Inc., to-wit:

## PARTIES AND JURISDICTION

1.      Plaintiff Thomas Carter is a resident of St. Louis County, State of Missouri and is the surviving spouse of Margaret Carter.

2.      Plaintiff is a Class I beneficiary pursuant to §537.080 RSMo.

3.      This lawsuit is brought pursuant to the laws and statutes of the State of Missouri including but not limited to §537.080 RSMo for wrongful death of decedent.

4.      Defendant MGI Express, LLC is an Ohio corporation with its principle place of business in Dayton, Ohio.

5.      Defendant American Power Transportation is an Ohio corporation with its principle place of business in Dayton, Ohio.

6.      Defendant Landstar Ranger, Inc. is a corporation registered in Florida. It is registered in the CT Corporation System in Plantation, Florida.

7.      Defendant Zukhriddin Khayrullaev is an individual and resident of Mission, Ohio.

8.      MGI Express, Inc., American Power Transportation, and Landstar Ranger are engaged in the transport of goods. MGI Express, Inc. is a motor carrier subject to regulation under Revised Statutes of the State of Missouri Chapter 390. At all times herein mentioned, these Defendants were acting through its agents, servants and employees, all of whom were acting within the scope and course of their employment and with the knowledge, consent and direction of the these Defendants.

9.      Plaintiff Thomas Carter states that Interstate 44 in Phelps County, Missouri, was an open and public interstate at all times relevant hereto.

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

10.     Plaintiff Thomas Carter further states that southbound Interstate 44 is two lanes, with an outside shoulder and an inside shoulder with a cable barrier.

## AGENCY

11.     Plaintiff incorporates by reference the statements and allegations set forth in the preceding paragraphs.

12.     At all relevant times, Defendant Landstar Ranger was acting by and through its apparent employee and agent, MGI Express/American Power Transportation.

13.     Defendant MGI Express/American Power Transportation was acting within the course and scope of its employment and agency with Landstar Ranger.

14.     At all relevant times, Defendant MGI Express/American Power Transportation was acting by and through its apparent employee and agent, Zukhriddin Khayrullaev.

15.     Defendant Zukhriddin Khayrullaev was acting within the course and scope of its employment and agency with American Power Transportation.

16.     At all relevant times, Defendant Landstar Ranger was acting by and through its ostensible employee and agent, Zukhriddin Khayrullaev

17.     Defendant Zukhriddin Khayrullaev was acting within the course and scope of its employment and agency with Landstar Ranger.

18.     At all relevant times, Defendant Landstar Ranger was acting by and through its ostensible employee and agent, MGI Express/ American Power Transportation.

19.     Defendant MGI Express/American Power Transportation was acting within the course and scope of its employment and agency with Landstar Ranger.

20.     At all relevant times, Defendant MGI Express was acting by and through its ostensible employee and agent, Zukhriddin Khayrullaev.

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

21.    Defendant Zukhriddin Khayrullaev was acting within the course and scope of its employment and agency with MGI Express.

22.    At all relevant times, Defendant MGI Express was acting by and through its ostensible employee and agent, American Power Transportation.

23.    Defendant American Power Transportation was acting within the course and scope of its employment and agency with MGI Express.

24.    At all relevant times, Defendant American Power Transportation was acting by and through its ostensible employee and agent, MGI Express.

25.    Defendant MGI Express was acting within the course and scope of its employment and agency with American Power Transportation.

26.    At all relevant times, Defendants Landstar Ranger, American Power Transportation, MGI Express, and Zukhriddin Khayrullaev each held a community of interest in accomplishing a common business purpose.

27.    Upon information and belief, MGI Express and American Power Transportation contracted with Landstar Ranger to aid in completing the contracted work between Landstar Ranger and GE.

28.    Upon information and belief, Defendant Zukhriddin Khayrullaev drove exclusively for MGI Express/American Power Transportation.

29.    At all relevant times, Defendant Zukhriddin Khayrullaev was an agent for MGI Express/American Power Transportation.

30.    At all relevant times, MGI Express/American Power Transportation should have known which drivers, such as Defendant Zukhriddin Khayrullaev, would haul which loads.

4

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

31.     At all relevant times, multiple MGI Express/American Power Transportation drivers would regularly and continuously haul loads for Landstar Ranger.

32.     Defendant Landstar Ranger had a specific transportation agreement with MGI Express/American Power Transportation.

33.     GE was acting as a shipper.

34.     Defendants Landstar Ranger, American Power Transportation, and MGI Express were acting as carriers.

35.     At all relevant times, the subject incident occurred due to the furtherance of a joint venture and agreement between Defendants Landstar Ranger, American Power Transportation, and MGI Express, where each had a right of control and right to share in the profits of the joint venture, and each had a duty to share in any losses that may be sustained as a result of the joint venture.

36.     Defendant Landstar Ranger acted as the carrier for the load due to contracting with GE to ship the load from Cincinnati to New Mexico.

37.     At all relevant times, Defendant Landstar Ranger, as outlined below, was an incompetent and unqualified motor carrier.

38.     At all relevant times, Defendant American Power Transportation, as outlined below, was an incompetent and unqualified motor carrier.

39.     At all relevant times, Defendant MGI Express, as outlined below, was an incompetent and unqualified motor carrier.

40.     At all relevant times, Defendant Khayrullaev was an incompetent and unqualified commercial driver.

## GENERAL ALLEGATIONS

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

41.    Plaintiff incorporates by reference all the allegations contained in Paragraph 1-8 as if fully set forth herein.

42.    Plaintiff Thomas Carter states that this cause of action arises out of a tractor trailer/motor vehicle collision, which occurred in the County of Phelps, State of Missouri.

43.    On or about September 17, 2017, at approximately 1:00 pm. in the afternoon, Defendant Khayrullaev was driving a 2014 tractor trailer on westbound on Interstate 44; the Defendant Khayrullaev fell asleep and/or lost control of his vehicle causing him to strike the median cable barrier; that Khayrullaev then returned to the roadway and struck another vehicle; Khayrullaev then swerved again causing him to cross the median and enter the roadway traveling in the opposite direction on the Interstate; that Defendant Khayrullaev then struck the black SUV being operated by Margaret Carter in the eastbound lanes of Interstate 44. Margaret Carter died as a result of being struck by the vehicle operated by Defendant Khayrullaev.

44.    Defendant Khayrullaev's semi-tractor collided head on with the decedent's vehicle.

45.    As a direct and proximate result of Defendant Khayrullaev's semi-tractor crossing the median and colliding with Margaret Carter's vehicle head on, Margaret Carter lost her life.

46.    Landstar Ranger Inc-USA was a motor carrier on the shipment carried by Defendant Khayrullaev, MGI and American Power.

47.    A motor carrier is defined as "a person providing motor vehicle transportation for compensation" under 49 USC 13102.

48.    Defendant Landstar Ranger, Inc.-USA, entered into an agreement with GE Power and Water under shipment ID #101288160, wherein they legally bound themselves to transport items from the GE Tool Center –Cincinnati to Fruitland, New Mexico. GE Power and Water, the shipper, issued a Bill of Lading wherein Landstar Ranger, Inc.-USA is described as the service

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

provider to GE Power and Water. The Bill of Lading makes no mention of MGI or American Power. Defendant Landstar Ranger, Inc.-USA is a motor carrier under 49 CFR 371.2 which states: Motor carriers or persons who are employees or *bona fida* agents of carriers are not brokers within the meaning of this section when they arrange or offer to arrange the transportation of shipments which they are authorized to transport and which they have accepted and legal bound themselves to transport.

**COUNT I**
**WRONGFUL DEATH – NEGLIGENCE AND NEGLIGENCE PER SE AGAINST DEFENDANT KHAYRULLAEV**

49.     Plaintiff incorporates all previous paragraphs into this Count.

50.     On September 17, 2017, Defendant Khayrullaev had a duty to exercise the highest degree of care in the operation of the semi-tractor and trailer.

51.     On September 17, 2017, Defendant Khayrullaev had a duty to exercise the highest degree of care while operating a motor vehicle on a public roadway.

52.     While using a Missouri public roadway, Defendant Khayrullaev had a duty to operate the vehicle in a careful, prudent, and lawful manner.

53.     Defendant Khayrullaev failed to exercise the highest degree of care, failed to operate a motor vehicle in ca careful, prudent, and lawful manner, and was negligent and reckless in the operation of a motor vehicle in at least the following respects:

a.     In failing to keep a careful lookout;

b.     In failing to yield;

c.     In failing to stay in the appropriate lane on the interstate;

d.     In failing to maintain an awareness of the location of vehicles around him;

e.     In operating a motor vehicle while he was distracted or inattentive;

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

f.     In operating a motor vehicle in an unsafe condition;

g.     In operating a motor vehicle in an impaired condition;

h.     In operating the semi-tractor at a speed that was greater than was reasonable and prudent under the then existing circumstances;

i.     In operating the semi-tractor in such a way that the semi-tractor came into collision with the front of decedent's vehicle;

j.     In failing to take evasive action including, but not limited to, stopping, swerving, slowing speed, sounding a warning or any combination thereof, in order to avoid impacting the vehicle containing the decedent after they knew, or should have known, that there was a reasonable likelihood of collision;

k.     In operating the semi-tractor without regard to the rights, safety and position of the Plaintiff's decedent;

l.     In failing to maintain a single lane;

m.     In operating the semi-tractor in a negligent, careless and reckless manner;

n.     In failing to maintain control of the semi-tractor trailer;

o.     In disregarding the laws, regulations, rules, and statutes of the State of Missouri pertaining to the operation of a motor vehicle under the circumstances herein questioned;

p.     In disregarding the federal laws, regulations, rules and requirements pertaining to the operation of a motor vehicle under the circumstances herein questioned, including but not limited to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Parts 40, 382, 383, 387, 390-397, 399(b), Chapter 3 Title 40 the Code of Federal Regulations; and

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

q.   In operating the semi-tractor in an ill or fatigued condition or in such a condition that made it unsafe for Defendant Khayrullaev to drive, in violation of 49 CFR 392.3.

54.   Defendant Khayrullaev was negligent per se in violating a particular Missouri statute enacted for decedent's benefit by the General Assembly, including, but not limited to:

a.   Section 304.012, which states that motorists must drive in a careful and prudent manner and exercise the highest degree of care when operating a motor vehicle on the roads and highways in the State of Missouri; and

b.   Section 304.014, which states that every person operating or driving a vehicle upon the highways must observe and comply with the rules of the road.

55.   Margaret Carter was within the class of persons intended to be protected by these statutes that were violated by Defendant Khayrullaev.

56.   The injuries suffered by Margaret Carter were injuries that these statutes were designed to prevent.

57.   Defendant Khayrullaev's violation of the aforementioned statutes caused or contributed to cause the death of Margaret Carter and, the acts and omissions of Defendant Khayrullaev, caused Margaret Carter to die on September 17, 2017.

58.   At the time Defendant Khayrullaev was operating the semi-tractor and caused the collision with decedent's vehicle, he knew or in the exercise of ordinary care should have known that his conduct was outrageous and created a high degree of probability of injury to others and thereby showed a willful and wanton disregard for the safety of others, including Margaret Carter, which entitles Plaintiff to damages for aggravating circumstances.

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

59.     Plaintiff, on behalf of the class, seeks all damages available under §537.090 including:

a.      Physical injuries, mental anguish, and loss of enjoyment of life suffered by Margaret Carter from the point in time that her impending injuries or death were apparent to her and her actual death;

b.      Pecuniary loss suffered by the reason of the death of Margaret Carter, funeral expenses and the reasonable value of services, consortium, companionship, comfort, instruction, guidance, counsel, training and support which her heirs have lost by reason of her death;

c.      Loss of companionship in society sustained in the past and that in the reasonable probability would be sustained in the future. These losses include but are not limited to the loss of positive benefits flowing from the love, comfort, companionship, and society that her heirs have loss by reason of her death; and

d.      Damages for aggravating circumstances.

60.     The negligent, careless, and/or reckless conduct of Defendant Khayrullaev directly and proximately caused and contributed to the death of Margaret Carter.

WHEREFORE, under Count I, Plaintiff Thomas Carter prays judgment against Defendant Khayrullaev in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), together with their costs herein expended, and for such further orders as to the Court will seem just in the premises.

## COUNT II
### WRONGFUL DEATH – NEGLIGENCE AND NEGLIGENCE PER SE AGAINST DEFENDANTS MGI EXPRESS, LLC, AMERICAN POWER TRANSPORTATION AND LANDSTAR RANGER, INC.

61.     Plaintiff incorporates all previous paragraphs into this Count.

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

62.     At all times relevant hereto, Defendant Khayrullaev was acting as the employee or authorized agent of Defendants MGI Express, LLC (hereinafter known as "MGI") and American Power Transportation (hereinafter known as "American Power").

63.     At all times relevant hereto, Defendant Khayrullaev was acting in the course and scope of his employment and/or agency with Defendants MGI and American Power.

64.     At all times relevant hereto, MGI, American Power and Landstar were operating jointly as interstate motor carriers for GE, the shipper, on this delivery.

65.     At all times relevant hereto, Defendant Khayrullaev was operating the semi-tractor which was a commercial motor vehicle under the motor carrier authority of MGI and American Power.

66.     At all times relevant hereto, Defendant Khayrullaev was operating the semi-tractor with the placard of MGI displayed, with the knowledge and permission of MGI, American Power and Landstar.

67.     Defendants MGI, American Power and Landstar are vicariously liable for the negligence, negligence per se, and recklessness of Defendant Khayrullaev.

68.     At times relevant hereto, Defendants MGI, American Power and Landstar owed a duty toward the decedent and others in the exercise of due care in the safe operation and control of the semi-tractor operated by Defendant Khayrullaev.

69.     Defendant MGI and American Power had a duty to exercise reasonable care in hiring, retaining, training, and supervising its drivers and other agents and employees, including Defendant Khayrullaev.

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

70.     Defendant MGI and American Power had a duty to exercise reasonable care in entrusting its vehicles, -and any and all vehicles and equipment under its control- to responsible, competent and qualified drivers.

71.     Defendant MGI and American Power breached these duties of care owed to the decedent, in the collision of the semi-tractor and the vehicle containing decedent was approximately caused by Defendant MGI and American Power's violation of their aforementioned duties.

72.     Defendant Landstar, a motor carrier, negligently entrusted its legal obligation to provide motor vehicle transportation to Defendant MGI and American Power in one or more of the following ways:

   a.     In disregarding the federal laws, regulations, rules and requirements pertaining to the entrustment and/or operation of a commercial motor vehicle, including but not limited to, the federal motor carrier safety regulations;

   b.     In permitting MGI and American Power to operate motor vehicles when they were not qualified to do so;

   c.     In failing to properly ascertain the qualifications, training and background of MGI and American Power and its employees;

   d.     In failing to adequately train, instruct, supervise and monitor MGI and American Power regarding the operation of a motor vehicle.

73.     Defendant MGI and American Power were negligent and failed to exercise reasonable care in one or more of the following ways:

   a.     In permitting Defendant Khayrullaev to operate a motor vehicle when he was not qualified to do so;

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

b.    In leasing, hiring, employing, and/or retaining Defendant Khayrullaev when MGI or American Power knew or should have known that Khayrullaev was reckless, unqualified and/or incompetent;

c.    In disregarding the federal laws, regulations, rules and requirements pertaining to the entrustment and/or operation of a commercial motor vehicle, including but not limited to the Federal Motor Carrier Safety Regulations;

d.    In permitting and/or requiring Khayrullaev to operate the subject semi-tractor in an ill or fatigued condition or in a condition that made it unsafe for Defendant Khayrullaev to drive, in violation of 49 CFR 392.3;

e.    In failing to properly ascertain the qualifications, training, and background of Defendant Khayrullaev; and

f.    In failing to adequately train, instruct, supervise and monitor Defendant Khayrullaev regarding keeping a proper lookout, maintaining control of a commercial motor vehicle, appropriate highway speeds for commercial motor vehicles, stopping distances, emergency and evasive maneuvers, and the dangers of distracted driving and drowsy driving

74.    As a direct and proximate result of MGI and American Power and Landstar's acts and omissions, Margaret Carter died on September 17, 2017.

75.    Defendants MGI, American Power and Landstar knew, or in the exercise of ordinary care should have known, that their conduct and the conduct of their employees or agents in leasing, hiring, employing and/or retaining Khayrullaev, and entrusting a commercial motor vehicle to Khayrullaev, in failing to train, instruct, supervise and monitor Khayrullaev, and/or in requiring or permitting Khayrullaev to operate when he was too fatigued, impaired or ill to operate

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

a commercial motor vehicle safely, was outrageous and created a high degree of probability of injury to others and showed willful and wanton disregard for the safety of others, including Margaret Carter, which entitles Plaintiff to damages for aggravating circumstances.

76.    Plaintiff, on behalf of the class, seeks all damages available under §537.090 including:

a.    Physical injuries, mental anguish, and loss of enjoyment of life suffered by Margaret Carter from the point in time that her impending injuries or death were apparent to her and her actual death;

b.    Pecuniary loss suffered by the reason of the death of Margaret Carter, funeral expenses and the reasonable value of services, consortium, companionship, comfort, instruction, guidance, counsel, training and support which her heirs have loss by reason of her death;

c.    Loss of companionship and society sustained in the past and that in reasonable probability will be sustained in the future. These losses include, but are not limited to, the loss of positive benefits flowing from the love, comfort, companionship, and society that her heirs have lost by reason of her death;

d.    And damages for aggravating circumstances.

77.    The negligent, careless and/or reckless acts of Defendant MGI and American Power directly and proximately caused and contributed to the death of Margaret Carter.

WHEREFORE, under Count II, Plaintiff Thomas Carter prays judgment against Defendants MGI Express, American Power Transportation and Landstar Ranger, Inc. in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), together with their costs herein expended, and for such further orders as to the Court will seem just in the premises.

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

## COUNT III – NEGLIGENT ENTRUSTMENT AGAINST
## MGI EXPRESS, LLC

78.     Plaintiff incorporates by reference the statements and allegations set forth in the preceding paragraphs.

79.     At all relevant times, Defendant MGI Express, LLC owed the general public, including Plaintiff, a continuing duty to investigate and monitor Defendant Zukhriddin Khayrullaev's ability, fitness, and qualifications to operate a tractor-trailer in the course of his employment.

80.     At all relevant times, Defendant MGI Express, LLC knew or should have known Defendant Zukhriddin Khayrullaev was unfit for the required job so as to create a danger of harm to third parties.

81.     Defendant MGI Express, LLC failed to abide by this duty of care and was thereby negligent in several aspects, including but not limited to:

a.  Entrusting and allowing Defendant Zukhriddin Khayrullaev to operate the tractor-trailer, despite knowing that he lacked the requisite ability, fitness, and qualifications to operate the tractor-trailer at the time of his first employment or contracting with MGI Express, LLC;

b.  Entrusting and allowing Defendant Zukhriddin Khayrullaev to operate the tractor-trailer at a time when it knew or should have known that Khayrullaev lacked the requisite ability, fitness, training, and qualifications to safely and competently operate the tractor-trailer;

c.  Failing to have policies and/or procedures in place to prevent its drivers, including Defendant Zukhriddin Khayrullaev, from operating its equipment in a negligent and/or reckless manner;

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

d.  Failing to ensure its drivers possessed sufficient knowledge of the Federal Motor Carrier Safety Regulations, incorporated by the State of Missouri, so as to be in a position to comply with said regulatory scheme and safely operate the tractor-trailer;

e.  Failing to determine Defendant Zukhriddin Khayrullaev lacked the requisite ability, fitness, and qualifications to operate as a driver between the time or her first employment or contracting with Defendant MGI Express, LLC and the subject incident;

f.  Failing to monitor the activities of Defendant Zukhriddin Khayrullaev so as to become aware of his failure to comply with one or more of the Federal Motor Carrier Safety Regulations, incorporated by the State of Missouri;

g.  Entrusting and allowing Defendant Zukhriddin Khayrullaev to drive on Defendant MGI Express, LLC's behalf as a motor carrier at a time when it knew, or should have known, that he lacked the requisite ability, fitness, and qualifications to safely operate a tractor-trailer at the time of the Subject incident; and

h.  Entrusting and allowing Defendant Zukhriddin Khayrullaev to drive for Defendant MGI Express, LLC as a motor carrier when it knew, or should have known, that he was not in compliance with one or more of the Federal Motor Carrier Safety Regulations, incorporated by the State of Missouri, so as to safely operate as a motor carrier.

82.    The Subject incident occurred as a direct and proximate result of the negligence of Defendant MGI Express, LLC.

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

83.     Due to the Subject incident and the negligent acts of Defendant MGI Express, LLC, Plaintiff's decedent suffered severe injuries and conscious pain and suffering.

84.     Plaintiff seeks to recover all available damages allowable under Missouri law for the above injuries inflicted on her, including but not limited to:  medical expenses, funeral expenses and all expenses thus occasioned.

WHEREFORE, under Count III, Plaintiff Thomas Carter prays this Court enter a judgment in his favor and against Defendant MGI Express, LLC, in an amount greater than Twenty Five Thousand Dollars ($25,000.00), plus costs of suit.

## COUNT IV – NEGLIGENT ENTRUSTMENT AGAINST AMERICAN POWER TRANSPORTATION

85.     Plaintiff incorporates by reference the statements and allegations set forth in the preceding paragraphs.

86.     At all relevant times, Defendant American Power Transportation owed the general public, including Plaintiff, a continuing duty to investigate and monitor Defendant Zukhriddin Khayrullaev's ability, fitness, and qualifications to operate a tractor-trailer in the course of his employment.

87.     At all relevant times, Defendant American Power Transportation knew or should have known Defendant Zukhriddin Khayrullaev was unfit for the required job so as to create a danger of harm to third parties.

88.     Defendant American Power Transportation failed to abide by this duty of care and was thereby negligent in several aspects, including but not limited to:

     a.   Entrusting and allowing Defendant Zukhriddin Khayrullaev to operate the tractor-trailer, despite knowing that he lacked the requisite ability, fitness, and

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

qualifications to operate the tractor-trailer at the time of his first employment or contracting with American Power Transportation;

b.  Entrusting and allowing Defendant Zukhriddin Khayrullaev to operate the tractor-trailer at a time when it knew or should have known that Khayrullaev lacked the requisite ability, fitness, training, and qualifications to safely and competently operate the tractor-trailer;

c.  Failing to have policies and/or procedures in place to prevent its drivers, including Defendant Zukhriddin Khayrullaev, from operating its equipment in a negligent and/or reckless manner;

d.  Failing to ensure its drivers possessed sufficient knowledge of the Federal Motor Carrier Safety Regulations, incorporated by the State of Missouri, so as to be in a position to comply with said regulatory scheme and safely operate the tractor-trailer;

e.  Failing to determine Defendant Zukhriddin Khayrullaev lacked the requisite ability, fitness, and qualifications to operate as a driver between the time or her first employment or contracting with Defendant American Power Transportation and the subject incident;

f.  Failing to monitor the activities of Defendant Zukhriddin Khayrullaev so as to become aware of his failure to comply with one or more of the Federal Motor Carrier Safety Regulations, incorporated by the State of Missouri;

g.  Entrusting and allowing Defendant Zukhriddin Khayrullaev to drive on Defendant American Power Transportation's behalf as a motor carrier at a time when it knew,

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

or should have known, that he lacked the requisite ability, fitness, and qualifications to safely operate a tractor-trailer at the time of the Subject incident; and

h.   Entrusting and allowing Defendant Zukhriddin Khayrullaev to drive for Defendant American Power Transportation as a motor carrier when it knew, or should have known, that he was not in compliance with one or more of the Federal Motor Carrier Safety Regulations, incorporated by the State of Missouri, so as to safely operate as a motor carrier.

89.     The Subject incident occurred as a direct and proximate result of the negligence of Defendant American Power Transportation.

90.     Due to the Subject incident and the negligent acts of Defendant American Power Transportation, Plaintiff's decedent suffered severe injuries and conscious pain and suffering.

91.     Plaintiff seeks to recover all available damages allowable under Missouri law for the above injuries inflicted on her, including but not limited to: medical expenses, funeral expenses and all expenses thus occasioned.

WHEREFORE, under Count IV, Plaintiff Thomas Carter prays this Court enter a judgment in his favor and against Defendant American Power Transportation, in an amount greater than Twenty Five Thousand Dollars ($25,000.00), plus costs of suit.

## COUNT V – NEGLIGENT ENTRUSTMENT AGAINST LANDSTAR RANGER, INC.

92.     Plaintiff incorporates by reference the statements and allegations set forth in the preceding paragraphs.

93.     At all relevant times, Defendant Landstar Ranger, Inc. owed the general public, including Plaintiff, a continuing duty to investigate and monitor Defendant Zukhriddin

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

Khayrullaev's ability, fitness, and qualifications to operate a tractor-trailer in the course of his employment.

94.     At all relevant times, Defendant Landstar Ranger, Inc. knew or should have known Defendant Zukhriddin Khayrullaev was unfit for the required job so as to create a danger of harm to third parties.

95.     Defendant Landstar Ranger, Inc. failed to abide by this duty of care and was thereby negligent in several aspects, including but not limited to:

   a. Entrusting and allowing Defendant Zukhriddin Khayrullaev to operate the tractor-trailer, despite knowing that he lacked the requisite ability, fitness, and qualifications to operate the tractor-trailer at the time of his first employment or contracting with Landstar Ranger, Inc.;

   b. Entrusting and allowing Defendant Zukhriddin Khayrullaev to operate the tractor-trailer at a time when it knew or should have known that Khayrullaev lacked the requisite ability, fitness, training, and qualifications to safely and competently operate the tractor-trailer;

   c. Failing to have policies and/or procedures in place to prevent its drivers, including Defendant Zukhriddin Khayrullaev, from operating its equipment in a negligent and/or reckless manner;

   d. Failing to ensure its drivers possessed sufficient knowledge of the Federal Motor Carrier Safety Regulations, incorporated by the State of Missouri, so as to be in a position to comply with said regulatory scheme and safely operate the tractor-trailer;

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

e.   Failing to determine Defendant Zukhriddin Khayrullaev lacked the requisite ability, fitness, and qualifications to operate as a driver between the time or her first employment or contracting with Defendant Landstar Ranger, Inc. and the subject incident;

f.   Failing to monitor the activities of Defendant Zukhriddin Khayrullaev so as to become aware of his failure to comply with one or more of the Federal Motor Carrier Safety Regulations, incorporated by the State of Missouri;

g.   Entrusting and allowing Defendant Zukhriddin Khayrullaev to drive on Defendant Landstar Ranger, Inc.'s behalf as a motor carrier at a time when it knew, or should have known, that he lacked the requisite ability, fitness, and qualifications to safely operate a tractor-trailer at the time of the Subject incident; and

h.   Entrusting and allowing Defendant Zukhriddin Khayrullaev to drive for Defendant Landstar Ranger, Inc. as a motor carrier when it knew, or should have known, that he was not in compliance with one or more of the Federal Motor Carrier Safety Regulations, incorporated by the State of Missouri, so as to safely operate as a motor carrier.

96.   The Subject incident occurred as a direct and proximate result of the negligence of Defendant Landstar Ranger, Inc.

97.   Due to the Subject incident and the negligent acts of Defendant Landstar Ranger, Inc., Plaintiff's decedent suffered severe injuries and death and conscious pain and suffering.

98.   Plaintiff seeks to recover all available damages allowable under Missouri law for the above injuries inflicted on her, including but not limited to:  medical expenses, funeral expenses and all expenses thus occasioned.

Electronically Filed - Phelps - April 10, 2020 - 01:08 PM

99.     Plaintiff seeks to recover all available damages allowable under Missouri law for the above injuries inflicted on her, including but not limited to: medical expenses, funeral expenses and all expenses thus occasioned.

WHEREFORE, under Count V, Plaintiff Thomas Carter prays this Court enter a judgment in his favor and against Defendant Landstar Ranger, Inc., in an amount greater than Twenty Five Thousand Dollars ($25,000.00), plus costs of suit.

BRUNTRAGER & BILLINGS, P.C.

/s/ Neil J. Bruntrager
Neil J. Bruntrager, #29688
225 S. Meramec Ave., Suite 1200
Clayton, MO 63105
314-646-0066
314-646-0065 - facsimile

Attorney for Plaintiffs