UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS CARTER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 4:20-CV-00670-AGF |
| | ) |
| ZUKHRIDDIN KHAYRULLAEV, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

This matter is before the Court on Plaintiff Thomas Carter's motion to compel discovery, (Doc. No. 30), and Defendant Landstar Ranger's motion for protective order. (Doc. No. 31). Landstar Ranger's motion is responsive to Plaintiff's motion to compel. Plaintiff raises claims for wrongful death (Count II) and negligent entrustment (Count V) against Defendant Landstar Ranger. (Doc. No. 1-3). Plaintiff's claims stem from an automobile collision between a tractor-trailer driven by Defendant Zukhriddin Khayrullaev and Margaret Carter, Plaintiff's wife, resulting in her death. Plaintiff alleges Landstar Ranger entered into an agreement with General Electric Power and Water and pursuant to that agreement acted as a carrier for the load Khayrullaev was transporting. *Id*. at ¶¶ 34, 36, 48. Landstar Ranger denies these allegations. (Doc. No. 6).

Plaintiff now seeks production of a document governing the relationship between General Electric and Landstar Ranger.[1] (Doc. No. 30). Landstar Ranger asks the Court

---

[1] In Plaintiff's motion to compel, Plaintiff references two documents—the "GE Master

to deny the motion to compel or to enter a protective order prohibiting the disclosure of the document. (Doc. No. 32 at 1). Plaintiff contends the document relates to the authority with which Landstar Ranger operates and its ability to contract or subcontract with other Defendants, and the documents are necessary for Plaintiff's expert witnesses to prepare their testimony. Landstar Ranger objects, arguing the agreement is a privileged trade secret, irrelevant, and unlikely to lead to the discovery of admissible evidence.

"District courts are accorded wide discretion in dealing with discovery matters." *Centrix Fin. Liquidating Tr. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*, No. 4:12–MC–624–JAR, 2013 WL 3225802, at *2 (E.D. Mo. June 25, 2013) (citing *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988)). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). Courts construe Rule 26(b)(1) broadly, *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), and parties wishing to limit the scope of discovery must do so by seeking a court order. Fed. R. Civ. P. 26(b)(1).

---

Services Agreement" and the "Broker Carrier Agreement with American Power." (Doc. No. 30 at 1). In Landstar Ranger's Motion for Protective order, it only references one document, which it refers to as the "GE Master Services Agreement(s) between Landstar Ranger, Inc. and GE." (Doc. No. 32 at 1). In Plaintiff's sur-reply to Landstar Ranger's Motion for Protective Order, Plaintiff appears to be seeking only one document, the agreement with General Electric: "The court has broad discretion in ordering the disclosure of *this document*." (Doc. No. 36 at 2) (emphasis added).

2

"Upon a showing by the requesting party that the discovery is relevant, the burden is on the party resisting discovery to explain why discovery should be limited." *Dapron v Spire, Inc. Ret. Plans Comm.*, 329 F.R.D. 223, 227 (E.D. Mo. Jan. 9, 2019) (citing *CitiMortgage, Inc. v. Allied Mortg. Grp., Inc.*, No. 4:10-CV-01863 JAR, 2012 WL 1554908, at *2 (E.D. Mo. May 1, 2012)). The party seeking to limit discovery must "establish grounds for not providing the discovery that are specific and factual." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018) (citations omitted). When the objection to discovery arises from a claim of privilege, the party to benefit from the privilege bears the burden of establishing the right to invoke its protection. *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985).

Landstar Ranger's assertion that the GE Agreement is a trade secret does not bar the discovery of the document. *See Taiyo Int'l, Inc. v. Phyto Tech Corp.*, 275 F.R.D. 497, 500 (D. Minn. 2011) (citing *Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 362 (1979)). Landstar Ranger further asserts that the motion to compel should be denied because whether it functioned as a broker or a carrier is irrelevant. Plaintiff responds that the relationship between Landstar Ranger and General Electric is relevant not only to the issue of whether Landstar Ranger acted as a carrier, but also to issues of agency and the authority of the parties to subcontract with each other, as well as Plaintiff's expert's analysis. Landstar Ranger has denied being a "carrier" and entering into a contractual agreement with General Electric relevant to the load at issue in this matter. The agreement is relevant and must be produced.

Landstar Ranger further asks this Court to enter a protective order, which Plaintiff

does not oppose.  As such, the Court will order the parties to meet and confer and submit a joint proposed productive order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel is **GRANTED**. (Doc. No. 30).

**IT IS FURTHER ORDERED** that Defendant's motion for protective order is **GRANTED** in part and **DENIED** in part.  (Doc. No. 31).  The motion is granted insofar as it requests a protective order and denied to the extent it requests the Court deny Plaintiff's motion to compel.

**IT IS FURTHER ORDERED** that the parties shall meet and confer and submit a joint proposed protective order by **September 10, 2021**.  Landstar Ranger shall produce the General Electric contract pursuant to the protective order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of September, 2021.