IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THOMAS CARTER, Individually and on Behalf of The Estate of Margaret Carter,<br><br>Plaintiffs,<br><br>vs.<br><br>ZUKHRIDDIN KHAYRULLAEV,<br>MGI EXPRESS, LLC,<br>AMERICAN POWER TRANSPORTATION<br>And LANDSTAR RANGER, INC.,<br><br>Defendants. | Case No.     4:20-cv-00670-AGF<br><br>JURY TRIAL DEMANDED |

## DEFENDANT LANDSTAR RANGER, INC.'S MOTION TO EXCLUDE TESTIMONY OF WILLIAM HAMPTON

Comes now Defendant Landstar Ranger, Inc., by and through its attorneys, and for its motion states as follows:

1. This motion is brought pursuant to FRE 702, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589, 113 S. Ct. 2786, 2795, 125 L. Ed. 2d 469 (1993), and Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147, 119 S. Ct. 1167, 1174, 143 L. Ed. 2d 238 (1999) to exclude one of Plaintiff's two experts, William Hampton.

2. Mr. Hampton has produced a report setting forth 11 opinions:

*Opinion 1* – Landstar Ranger, Inc. is the motor carrier controlling the American Power Transportation vehicle involved in this crash.

*Opinion 2* – G E Power & Water contracted only with Landstar Ranger Inc. and its other subsidiaries under its Master Servant Contract. Landstar was the only motor carrier operating under this agreement.

*Opinion 3* – Landstar never advised it had entered a business venture with American Power Transportation, as it was required to do so under the contract, therefore the Shipper, G E Power & Water was only in an agreement with Landstar, and only Landstar as the Carrier".

*Opinion 4* - Landstar continued to violate its agreement with G E Power & Water, and specifically its "Statement of Work" held within the contract. Several of these violations created a safety hazard to the general public.

*Opinion 5* – Landstar failed to follow industry standards, its own policies, and the requirements of the G E Power & Water Contract, when it entered into an agreement as a joint business agreement with American Power Transportation. By failing to follow these standards, policies, and contract, Landstar violated the safety standards and safety cultures of the industry when doing so, operated unsafely, and created an unsafe hazard to the public

*Opinion 6* – Landstar had many opportunities to ensure they were operating within the safety standards of a motor carrier, however they failed to do so, and therefore operated American Power Transportation as an unsafe carrier.

*Opinion 7* - Landstar was never aware of American Power Transportation's safety performance upon the public highways, only that American Power Transportations had the required insurance. Against, this was a general disregard to the public's safety upon our roadways.

*Opinion 8* - Landstar had policies in to ensure they were conducting business with a safe company however, they disregarded their own policies.

*Opinion 9* – Landstar controlled American Power Transportation in all activities of its movement of freight.

*Opinion 10* – Landstar controlled American Power Transportation in all aspects of its settlements of cargo losses, only advising American Power Transportation of what their ending expenses would be. These expenses would be withheld from future revenue.

*Opinion 11* – Landstar's disregard for the publics safety, contributed to the causation of this crash and the death of Margaret Carter.

    3. Mr. Hampton's report fails to identify facts upon which his opinions rely, fails to identify standards within his field of expertise that would be helpful to a jury to understand any issue in the case, contains a number of factual inaccuracies that would tend to mislead the jury, are not based upon reliable data or methods, and attempts to interpret contracts between Landstar and other entities without being limited to defining terms of art within his field of expertise. For these reasons, Defendant Landstar asks this Court to exclude Mr. Hampton from testifying to the opinions contained in his report attached as Ex. R. Mr. Hampton has provided additional accident reconstruction opinions, and Defendant takes no stance on these opinions at this time, but expressly reserves the right to challenge his accident reconstruction opinions at trial.

    4. Defendant has filed a Memorandum of Law contemporaneously with this Motion.
WHEREFORE, Defendant Landstar asks this Court to exclude William Hampton as an expert at trial on the topics addressed by this Motion.

                                              **/s/ James A. Wilke**
Daniel E. Wilke #24464MO
James A. Wilke #51242MO
Stephen A. Wilke #53049MO
Kent W. Zschoche #52060MO
WILKE & WILKE, P.C.
Attorneys for Defendant
Landstar Ranger, Inc.
2708 Olive Street
St. Louis, Missouri 63103
314-371-0800
Fax: 314-371-0900
wilke@wilkewilke.net

       I hereby certify that on June 15, 2022 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Neil J. Bruntrager
Attorney at Law
225 S. Meramec Avenue, Suite 1200
Clayton, MO  63105
ATTORNEY FOR PLAINTIFFS

Timothy W. Monsees
Attorney at Law
4717 Grand Avenue, Suite 800
Kansas City, MO 64112
CO-COUNSEL FOR PLAINTIFFS

John L. Mullen
Jim Meyers
Attorneys at Law
8900 Ward Parkway
Kansas City, MO  64114
ATTORNEYS FOR DEFENDANTS ZUKHRIDDIN KHAYRULLAEV
AND  MGI EXPRESS, LLC and AMERICAN POWER TRANSPORTATION

Tim E. Dollar
Attorney at Law
1100 Main, Suite 2600
Kansas City, MO 64105
ATTORNEY FOR DEFENDANT MGI EXPRESS, LLC and
AMERICAN POWER TRANSPORTATION

Joseph R. Swift
Attorney at Law
100 N. Broadway 21ˢᵗ Floor
St. Louis, MO 63102
CO-COUNSEL FOR DEFENDANT LANDSTAR RANGER, INC.

              **/s/ James A. Wilke**