# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| THOMAS CARTER, et al., | ) |
|     Plaintiffs, | ) ) ) |
|   vs. | ) No. 4:20-CV-00670-AGF ) |
| ZUKHRIDDIN KHAYRULLAEV, et al., | ) ) |
|     Defendants. | ) ) ) |

## **MEMORANDUM & ORDER**

This matter is before the Court on Plaintiff Thomas Carter's second motion to compel Defendant Landstar Ranger, Inc. ("Landstar") to provide certain documents. (Doc. No. 62). Landstar responded in opposition. (Doc. No. 64). Plaintiff has not replied and the time to do so has passed. For the reasons set forth below, the motion will be granted in part and denied in part.

### I.    **Background**

Plaintiff raises claims for wrongful death (Count II) and negligent entrustment (Count V) against Landstar. (Doc. No. 1-3). His claims stem from an automobile collision between a tractor-trailer driven by Defendant Zukhriddin Khayrullaev and the vehicle of Margaret Carter, Plaintiff's wife, resulting in her death. Plaintiff alleges Landstar contracted with Defendants American Power Transportation ("American Power") and MGI Express ("MGI") to transport the load. *Id*. at ¶ 27. Plaintiff alleges that Khayrullaev drove exclusively for MGI/American Power. *Id*. at ¶ 29. Plaintiff

further claims all three companies acted as carriers.[1] *Id*. at ¶ 34. Landstar claims MGI stopped operating as a motor carrier prior to the collision and its only involvement in this matter was leasing the truck involved in the accident to American Power. (Doc. No. 64). In support of this proposition, Landstar provided the deposition of Ilkhom Abbasov, the owner of MGI. (Doc. No. 64-1).

Plaintiff seeks discovery of certain insurance policies, evidence of other collisions, and financial records and files relating to Defendants American Power and MGI. Landstar objects to the motion.

"District courts are accorded wide discretion in dealing with discovery matters." *Centrix Fin. Liquidating Tr. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*, No. 4:12–MC–624–JAR, 2013 WL 3225802, at *2 (E.D. Mo. June 25, 2013) (citing *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988)). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Courts construe Rule 26(b)(1) broadly, *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), and parties wishing to limit the scope of discovery must do so by seeking a court order. Fed. R. Civ. P. 26(b)(1).

"Upon a showing by the requesting party that the discovery is relevant, the burden is on the party resisting discovery to explain why discovery should be limited." *Dapron v*

---

[1] Plaintiff alleges that Khayrullaev was acting as an agent and employee of all three companies, and that each of the companies was an agent and employee of each of the other companies. *Id*. at ¶¶ 12-25.

2

*Spire, Inc. Ret. Plans Comm.*, 329 F.R.D. 223, 227 (E.D. Mo. Jan. 9, 2019) (citing *CitiMortgage, Inc. v. Allied Mortg. Grp., Inc.*, No. 4:10-CV-01863 JAR, 2012 WL 1554908, at *2 (E.D. Mo. May 1, 2012)). The party seeking to limit discovery must "establish grounds for not providing the discovery that are specific and factual." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018) (citations omitted).

## II.     Insurance

Plaintiff explains that Landstar produced a certificate of liability insurance, indicating Landstar has a number of insurance policies. Among these policies is Policy Number MMTT307222-01 (the "Policy"),[2] which provides automotive liability coverage. Plaintiff claims that it requested Landstar produce the Policy in its requests for production and that Landstar was required to disclose the Policy pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv). Plaintiff requested Landstar produce "[a] copy of the insurance policy, Declaration Page, and Certificate of Coverage for any and all insurance agreements which may indemnify Landstar in whole or in part for any judgment Plaintiff may obtain in the instant action . . . ." (Doc. No. 62-1 at 3). Federal Rule of Civil Procedure 26(a)(1)(A)(iv) provides that a party must provide to the other parties:

> Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

---

[2] Landstar does not mention policy number "MMTT307222-01" in its response. Instead, it references policy number "MWTT307222 01." Landstar's reference to policy number "MWTT307222 01" appears to be a scrivener's error, as the certificate of liability insurance does not identify any policy with that number. (Doc. No. 62-2 at 2). Accordingly, the Court will construe Landstar's references to policy number "MWTT307222-01" as references to policy number "MMTT307222-01."

3

Landstar responds that the Policy would not provide coverage for this incident, as it insures only Landstar's fleet of vehicles.[3] It explains that the vehicle involved in the collision was owned by MGI and leased to American Power.  As such, Landstar argues that it is not obligated to produce the Policy.  Plaintiff has not responded to these assertions.  A party is not obligated to produce an insurance policy that does not provide coverage for a possible judgment.  *Almont Ambulatory Surgery Ctr., LLC v. Int'l Longshoremen's & Warehousemen's Union-Pac. Mar. Ass'n Welfare Plan*, No. 20-55464, 2021 WL 5002216, at *1 (9th Cir. Oct. 28, 2021).  Likewise, Plaintiff's request for production only requested information about insurance policies which may provide indemnity in this matter.  The Policy does not provide coverage for the vehicle involved in the collision, and as such Landstar is not obligated to produce it.

## III.   Evidence of Other Collisions

Plaintiff next requests Landstar provide information about other collisions involving vehicles owned, leased, operated, or hauling freight arranged by Landstar for the five years prior to the crash.  Plaintiff claims the safe operation of motor vehicles and qualification of carriers is integral to his claims and prior collisions are relevant to driver safety issues.  Landstar explains that it agreed to produce evidence of collisions that involved American Power and MGI but declined to produce evidence of other collisions

---

[3]    Landstar also argues that it should not be compelled to produce policy number MWZX 307221 01.  Plaintiff moved to compel production of only one policy: policy number MMTT307222-01 and does not mention the other policy in its motion.

because they are not relevant. Landstar determined that there were no prior automobile collisions involving American Power, and so provided no further information. Landstar does not explain whether there were any collisions involving MGI Express or whether it produced any evidence related to those collisions.

Landstar argues that evidence of collisions outside of those involving American Power where Landstar is acting as a broker or carrier are not relevant because the only issues raised by Plaintiff's claims are whether it was negligent in selecting American Power as a carrier and whether it engaged in a joint venture or had an agency relationship with American Power. It claims that evidence of other accidents is not relevant to any of Plaintiff's theories of recovery, so the Court should deny the motion.

The Court agrees that evidence of all collisions involving Landstar for a five-year period goes well beyond what is potentially relevant to this case. Plaintiff's complaint alleges that Landstar was negligent in contracting with American Power and MGI to transport the load. Evidence of accidents not involving American Power and MGI do not tend to prove or disprove Plaintiff's claim. However, evidence related to accidents involving MGI are potentially relevant to Plaintiff's claims. Landstar does not claim it has produced any evidence relating to accidents involving MGI, nor does it claim that there are no such accidents. To the extent Landstar believes evidence of such accidents is not relevant because MGI stopped operating as a carrier prior to the accident at issue in this matter, the Court notes that the complaint alleges MGI was acting as a carrier for the load. Whether MGI was acting as a carrier is a disputed question of fact. Further,

5

Landstar agreed to produce these documents. Accordingly, the Court will grant Plaintiff's motion to the extent it seeks evidence related to accidents involving MGI.

## IV.     Financial Records

Plaintiff also seeks production of documents relating to the financial relationship between Landstar, American Power, and MGI. He explains that Landstar produced two load confirmation forms related to the accident at issue here but has not produced any other documents related to its relationship with American Power and MGI. Plaintiff seeks all load confirmation forms between the companies, the number of times American Power carried loads for Landstar, and how much they were paid. Landstar explains that it has produced documents showing its payments to American Power since November of 2013, as well as limited data related to those loads. Landstar states that it no longer has the load confirmation forms related to American Power. Plaintiff did not respond to Landstar's opposition. "A party cannot be compelled to produce what it does not have." *List v. Carwell*, No. 18-CV-2253 (DSD/TNL), 2020 WL 5988514, at *6 (D. Minn. Oct. 9, 2020). To the extent Landstar is in possession of the financial information Plaintiff requests about American Power, it must produce it. However, to the extent Landstar does not have further information responsive to Plaintiff's requests, it cannot be compelled to produce that information.

Landstar next explains that has not produced any financial information related to its relationship with MGI because MGI stopped operating as a motor carrier prior to the accident and its only involvement in this matter is in leasing the truck involved to American Power. However, the deposition testimony regarding the exact date when MGI

6

stopped conducting transportation operations was not definite, and the complaint alleges that Landstar contracted with MGI to transport the load.  As such, evidence of Landstar's financial relationship with MGI is relevant to Plaintiff's claim, and Landstar must produce those documents.  Because it is not disputed that MGI stopped conducting transportation services more than a year before the accident, the Court will at this time, subject to a showing of relevance following the production, limit the production to three years before the collision.

    Accordingly,

    **IT IS HEREBY ORDERED** that Plaintiff's motion to compel is **GRANTED in part** and **DENIED in part**, as set forth above.  (Doc. No. 62).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of June, 2022.