**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-00670-AGF |
| | ) | |
| ZUKHRIDDIN KHAYRULLAEV, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court Plaintiff Thomas Carter's motion for leave to file Exhibits 8 and 9 to his response to Defendant Landstar Ranger's Statement of Undisputed Material Facts under seal. (Doc. No. 80). He states that the documents are subject to the protective order. Plaintiff's response identifies Exhibit 8 as "Master Services Contract Between GE & Landstar" and Exhibit 9 as the "Amended GE Contract." (Doc. No. 81 at 1). However, he has not provided the Court with redacted copies of the exhibits.

Local Rule 13.05 governs the sealing of materials filed in civil cases. It requires the proponent of sealing to file a motion for sealing describing:

> (i) the material or information sought to be filed under seal without disclosing the substance of the material sought to be kept confidential; (ii) the legal grounds for the sealing; and (iii) the requested duration for the sealing or, if the proponent requests that the material remain sealed indefinitely, the reasons supporting the request.

E.D.Mo. Local Rule 13.05(A)(4)(a). With the motion for sealing, the movant is required to

file a complete copy of the subject documents under seal and a memorandum under seal stating "the specific legal and factual reasons justifying the sealing." E.D.Mo. Local Rule 13.05(A)(4)(b).  Additionally, within three business days of filing the motion for sealing, the movant must file either a redacted copy of the subject documents in the public record or a memorandum explaining the specific reasons for the failure or inability to file a redacted document.  E.D.Mo. Local Rule 13.05(A)(4)(c).

Plaintiff has not complied with Local Rule 13.05.  Although he indicates that the documents are subject to a protective order, Plaintiff has not filed a sealed memorandum stating the specific legal and factual reasons justifying the sealing or a complete copy of the subject documents under seal.  As such, the Court will deny Plaintiff's motion without prejudice.  Plaintiff may re-file his motion in compliance with Local Rule 13.05.  The Court notes that "[t]he fact that certain information or material has been protected as confidential by parties in a case pursuant to a Protective Order is relevant to, but not dispositive of, whether this information or material will be sealed when filed with the Court." E.D.Mo. Local Rule 13.05.  Furthermore, Plaintiff's brief motion does not indicate which party designated the exhibits as protected.  To the extent Exhibits 8 and 9 were designated confidential by one of the Defendants, Plaintiff should indicate which Defendant designated the exhibit, but need not provide any further legal justification in support of sealing.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for sealing is **DENIED without prejudice**. (Doc. No. 80).

Audrey G. Fleissig

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of July, 2022.