**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   4:20-cv-00670-AGF |
| | ) | |
| ZUKHRIDDIN KHAYRULLAEV, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court Plaintiff Thomas Carter's motion for reconsideration. (Doc. No. 77).  Plaintiff asks the Court to reconsider its Order, (Doc. No. 75), to the extent the order denied Plaintiff's motion to compel Defendant Landstar Ranger ("Landstar") to produce two insurance policies.  The policies are MMTT 307222-01, an automotive liability coverage policy, and MWZX 307221-01, an excess auto policy (collectively the "Policies").  Defendants MGI Express, American Power Transportation, and Zukhriddin Khayrullaev join Plaintiff's motion.  (Doc. No. 78).

The Court previously denied the motion because Landstar represented that the Policies insured only Landstar's fleet of vehicles, which Plaintiff did not contest.  The vehicle involved in the incident is not owned by Landstar.  In his motion to reconsider, Plaintiff argues that the Policies are not limited to only Landstar's fleet of vehicles.  A Certificate of Liability Insurance identifies the Policies and states that the "type of

insurance" for MMTT 307222-01 is "any auto," "only hired autos" and "non-owned autos only."  (Doc. No. 77-2).  The type of insurance for policy MWZX 307221-01 is "excess liab" and "occur."  *Id*.

Landstar opposes the motion.  (Doc. No. 79).  It does not argue that the Policies only cover its fleet of vehicles.  Instead, it argues the Policies are "fronting policies," and not true insurance policies because the deductible is equal to the policy limits, "essentially meaning the insured is self-insured."  *Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guar. Co.*, 668 F.3d 991, 994 n.2 (8th Cir. 2012).  Landstar claims that a fronting policy should not be considered "insurance" for the purpose of Rule 26(a)(1)(A)(iv).  It relies on *Scottsdale Ins. Co. v. United Rentals (N. Am.), Inc.*, which states "Courts are split on the question of whether in the present context self-insurance is 'insurance,' but a clear majority has held that it is not."  977 F.3d 69, 74 (1st Cir. 2020).  The "present context" in *Scottsdale* is whether a fronting policy is a "valid and collectible insurance for the purposes of a priority-of-coverage determination," and not whether it must be disclosed pursuant to Rule 26(a)(1)(A)(iv).  *Id*.  The reasoning of *Scottsdale* is not applicable here.

Rule 26(a)(1)(A)(iv) requires parties to provide "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."  The Rule does not contain an exception for a fronting policy.  Furthermore, Landstar does not argue that the Policies are only applicable to its fleet of vehicles and the Certificate of Liability Insurance indicates that the Policies may provide coverage to vehicles not owned by

Landstar.  Based on this record, the Court cannot conclude the Policies fall outside the initial disclosure requirement.  Further, the parties should not be required to make this determination based solely on Landstar's assessment, and the Court sees little if any prejudice to Landstar by requiring disclosure.  As such, Landstar must produce the Policies pursuant to Rule 26(a)(1)(A)(iv).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Thomas Carter's motion for reconsideration is **GRANTED**.  (Doc. No. 77).

**IT IS FURTHER ORDERED** that Defendants American Power Transportation, MGI Express, L.L.C., and Zukhriddin Khayrullaev's Motion for Reconsideration is **GRANTED**.  (Doc. No. 78).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2022.

- 3 -